IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice D. Johnson, | ) | C/A No. 0:11-537-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Bruce Bryant, York County Sheriff Department, and York County Detention Center, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Janice D. Johnson ("Johnson"), filed a Complaint in the Court of Common Pleas in York County asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. §§ 1331 and 1343. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss and for summary judgment. (ECF No. 16.) Johnson filed a response in opposition (ECF No. 19), and the defendants filed a reply (ECF No. 22). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

Johnson alleges that her employment was terminated in 2009 because of her race. Johnson filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right-to-sue letter dated August 5, 2010. (See Compl. ¶ 12, ECF No. 1-1 at 6;

Exs. 2 & 3, Pl.'s Dep., ECF No. 16-2 at 147-48.) According to the Verified Complaint, Johnson received the right-to-sue letter on August 5, 2010. (Compl. ¶ 12, ECF No. 1-1 at 6, 8.) Johnson filed this action in the Court of Common Pleas in York County on November 5, 2010. The defendants timely removed the case to this court on March 7, 2011.

## DISCUSSION

The defendants' motion is based on their contention that all of Johnson's claims fail as a matter of law. First, they correctly assert that Johnson's § 1981 claim must be dismissed. In accordance with United States Supreme Court precedent, there is no implied right of action under § 1981 against governmental bodies or governmental actors. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-36 (1989). Johnson has not refuted, and in fact appears to agree, that the defendants are all either governmental entities or officers. Moreover, Johnson did not address this argument at all in her opposition memorandum. Because the undisputed evidence and case law demonstrate that Johnson's § 1981 claim fails as a matter of law, this claim should be dismissed.

Similarly, the defendants correctly assert that, under controlling statutes and Fourth Circuit precedent, Johnson's Title VII claim is untimely. Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. See 42 U.S.C. § 2000e-5(e), (f). This limitations period has been strictly enforced in this circuit. See Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir. 1993) (finding a complaint was time barred when filed five days too late); Harvey v. New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987) (finding a complaint was time barred when filed one day too late).

Based on her own filing and deposition testimony, Johnson acknowledges that she received her right-to-sue letter on August 5, 2010. (Compl. ¶ 12, ECF No. 1-1 at 6; Pl.'s Dep. at 90-91, ECF



No. 16-2 at 71-72.) Johnson was therefore required to file her civil action in court no later than November 3, 2010 for it to be timely. See 42 U.S.C. § 2000e-5(e), (f). However, Johnson did not file this action until November 5, 2010. Johnson argues that based on Federal Rule of Civil Procedure 6(d), she is entitled to an additional three days because she received her right-to-sue letter by mail.[1] This argument is unavailing. The presumption in Rule 6(d) providing an additional three days for service by mail may only be claimed by Johnson if the date of receipt of the right-to-sue letter is in dispute. See Dixon v. Digital Equipment Corp., 976 F.2d 725 (4th Cir. 1992) (Table) (discussing Rule 6(d)'s predecessor and holding that a plaintiff who filed her complaint 91 days after undisputed receipt was untimely and that she was not entitled to the additional three days which would render her complaint timely filed). Because the undisputed facts show that the Title VII claim was untimely filed and Johnson has not presented any argument justifying tolling of the limitations period, Johnson's Title VII claim should be dismissed.

## RECOMMENDATION

Because Johnson's claims fail as a matter law, the court recommends granting the defendants' motion. (ECF No. 16.)

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Johnson alleges that this issue is a question of fact; however, there does not appear to be any factual dispute as to the date Johnson received her right-to-sue letter. Rather, the issue appears to be whether as a matter of law Johnson is entitled to an additional three days within which to file her Complaint.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).