IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice D. Johnson, | ) | C/A No. 0:11-537-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bruce Bryant, Your County Sheriff Department, and York County Detention Center, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court upon a United States Magistrate Judge's Report and Recommendation (R&R) (ECF No. 23) on Defendant's motion to dismiss Plaintiff's claim under 42 U.S.C. § 1981 and award summary judgment in Defendants' favor on Plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII"). Plaintiff filed timely objections (ECF No. 28) to the Magistrate's R&R, to which Defendant responded (ECF No. 29).

The Magistrate Judge assigned to this action has prepared a thorough R&R, which sets forth in detail the relevant facts and standards of law on this matter. Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court fully adopts and incorporates the Magistrate's report herein, overrules Plaintiff's objection, and grants Defendants' motion to dismiss and for summary judgment.

## STANDARD OF REVIEW

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may file written objection to a Magistrate Judge's recommendation within fourteen days after being served with a copy of the report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *Id*. The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to

return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249. The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–52. Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992).

## ANALYSIS

The Magistrate's R&R indicates that there is no implied right of action under § 1981 against government bodies or governmental actors. It is undisputed that all defendants are either governmental entities or officers. Plaintiff concedes this point in her objection. Therefore, Plaintiff's § 1983 claim fails as a matter of law and is dismissed.

Next, the Plaintiff claims that her Title VII claim is timely and should not be time-barred. Pursuant to 42 U.S.C. § 2000E–5(f)(1), "the [Equal Employment Opportunity] Commission ("EEOC"), or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved [of

3

their right to sue] and *within ninety days after the giving of such notice* a civil action may be brought." When the date of receipt of the right to sue notice is undisputed, the date is controlling and is the date from which the ninety-day limitations period is reckoned. *See Dixon v. Digital Equipment Corp.*, 1992 WL 245867 (4th Cir. 1992). It is undisputed that on the ninety second day after Plaintiff received the right-to-sue notice, she filed this complaint. However, Plaintiff argues there is a disputed issue of fact as to when she *received* the right to sue notice from the EEOC. Plaintiff claims that, because the date of receipt is disputed, a three day extension should be added under Fed. R. Civ. P. 6(d).

However, the court finds there is no dispute about the date of receipt. Plaintiff's verified complaint states: "Plaintiff filed a charge with the [EEOC] and *received a right to sue notice on August 5, 2010*. (Compl. para. 12, ECF No. 1-1 at 6) (emphasis added). The Plaintiff further confirmed the date of receipt in her deposition (ECF No. 16–2, p. 71, line 20–p.72, line 7). Unfortunately for Plaintiff, "[t]he general rule is that a party is bound by the admissions of [her] pleadings." *Grice v. Baltimore Cnty.,* 354 F. App'x 742, 747–48 (4th Cir. 2009) (quoting *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989)) (internal quotation omitted). Plaintiff is bound by the allegations of her complaint and by her deposition testimony concerning the date she received the right-to-sue notice from the EEOC. *See id.*; *Lightner v. City of Wilmington, NC*, 545 F.3d 260, 264 (4th Cir. 2008). Plaintiff cannot create a disputed issue of material fact simply by contradicting her own testimony. *See Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 198 (4th Cir. 1997) ("It is well established that 'a genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of plaintiff's testimony

4

is correct.'" quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)), *holding on other grounds limited by Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999). Because it is undisputed that Plaintiff received the right to sue notice on August 5, 2010, and it is undisputed that Plaintiff filed this action on November 5, 2010 (the ninety second day after receiving the right to sue notice), Plaintiff's Title VII claim is untimely and must be dismissed. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987); *Stanton v. Newport News Cablevision*, 769 F.2d 200 (4th Cir. 1985).

After a careful *de novo* review of the record, the applicable law, the R&R, and the objections thereto, the court finds the Magistrate Judge fairly and accurately summarizes the facts and applies the correct principles of law. Therefore, the court adopts the recommendation of the Magistrate and incorporates the full and complete R&R herein by reference.

For the reasons discussed above, Plaintiff's objections are OVERRULED and Defendants' motion to dismiss and for summary judgment is GRANTED.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

July 19, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge